GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
By:     NATASHA WAGLOW TELEANU
        PETER ARONOFF
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2528/2697
Facsimile: (212) 637-2786
Email: natasha.teleanu@usdoj.gov
       peter.aronoff@usdoj.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| OPEN SOCIETY JUSTICE INITIATIVE,<br><br>    Plaintiff,<br><br>        v.<br><br>CENTRAL INTELLIGENCE AGENCY, DEPARTMENT OF DEFENSE, NATIONAL SECURITY AGENCY and OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE,<br><br>    Defendants. | 19 Civ. 00234 (PAE)<br><br>**ANSWER OF DEFENDANTS TO COMPLAINT** |

Defendants Central Intelligence Agency (the "CIA"), Department of Defense (the "DOD"), National Security Agency (the "NSA"), and Office of the Director of National Intelligence (the "ODNI") (together, the "Defendants"), by their attorney, Geoffrey S. Berman, United States Attorney for the Southern District of New York, hereby answer the complaint of plaintiff Open Society Justice Initiative ("Plaintiff") upon information and belief as follows:

      1.      Paragraph 1 of the complaint consists of Plaintiff's characterization of this action and Plaintiff's FOIA requests, to which no response is required.

      2.      Paragraph 2 of the complaint sets forth legal conclusions, to which no response is

required, except Defendants deny knowledge or information sufficient to form a belief as to Plaintiff's reason for bringing this action.

3. Paragraph 3 of the complaint sets forth Plaintiff's legal conclusions regarding jurisdiction and venue, to which no response is required, except Defendants deny knowledge or information sufficient to form a belief as to the location of Plaintiff's principal place of business.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the complaint, except state that whether or not OSJI is a "person" within the meaning of the cited statutory provision is a legal conclusion to which no response is required.

5. The allegations in paragraph 5 of the complaint set forth legal conclusions regarding whether CIA is a proper defendant, to which no response is required.

6. The allegations in paragraph 6 of the complaint set forth legal conclusions regarding whether DOD is a proper defendant, to which no response is required.

7. The allegations in paragraph 7 of the complaint set forth legal conclusions regarding whether NSA is a proper defendant, to which no response is required.

8. The allegations in paragraph 8 of the complaint set forth legal conclusions regarding whether ODNI is a proper defendant, to which no response is required.

9. The allegations in this paragraph purport to summarize news reports and require no response. Defendants respectfully refer the Court to the news reports for the full contents therein.

10. The first sentence of paragraph 10 includes allegations that purport to summarize a press release and require no response. Defendants respectfully refer the Court to the press release for the full contents therein. The allegations contained in the second sentence of

paragraph 10 set forth legal conclusions to which no response is required.

11. The allegations in this paragraph purport to summarize news reports and require no response. Defendants respectfully refer the Court to the news reports for the full contents therein.

12. The allegations contained in paragraph 12 set forth characterizations of statements by President Trump to which no response is required. Defendants respectfully refer the Court to the President's statements for a full and accurate statement of their contents.

13. The allegations contained in paragraph 13 purport to summarize news reports, an editorial, and social media posts and require no response. Defendants respectfully refer the Court to the news reports, editorial, and social media posts for the full contents therein.

14. The allegations in this paragraph purport to summarize news reports and require no response. Defendants respectfully refer the Court to the news reports for the full contents therein.

15. The allegations in this paragraph purport to summarize news reports and require no response. Defendants respectfully refer the Court to the news reports for the full contents therein.

16. Paragraph 16 consists of a characterization of an editorial to which no response is required; Defendants respectfully refer the Court to the editorial for the full contents therein.

17. The allegations in this paragraph purport to summarize statements by Senator Graham and require no response. Defendants respectfully refer the Court to the statements for the full contents therein.

18. The allegations in this paragraph purport to summarize a statement by Senator Corker and require no response. Defendants respectfully refer the Court to the statements for the

full contents therein.

19. The allegations in this paragraph purport to summarize news reports and require no response. Defendants respectfully refer the Court to the news reports for the full contents therein.

20. The allegations in this paragraph purport to summarize news reports and an editorial and require no response. Defendants respectfully refer the Court to the news reports and the editorial for the full contents therein.

21. The allegations in this paragraph purport to summarize statements by Senator Leahy and Congressman Engel to which no response is required. Defendants respectfully refer the Court to the cited statements for the full contents therein.

22. The allegations in this paragraph set forth characterizations of statements during a State Department press briefing to which no response is required. Defendants respectfully refer the Court to the cited statements for the full contents therein.

23. The allegations contained in paragraph 23 of the complaint set forth characterizations of statements during a State Department press briefing and a news report to which no response is required. Defendants respectfully refer the Court to the cited statements and news report for their full contents therein.

24. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 24 of the complaint. Deny the allegations in the second sentence of paragraph 24.

25. As to the first sentence, admit that Plaintiff submitted to Defendants FOIA requests, dated December 4, 2018, and Defendants respectfully refer the Court to the FOIA requests for the full contents therein. As to the second sentence, admit that CIA received

Plaintiff's FOIA request by December 7, 2018; admit that NSA received Plaintiff's FOIA request by December 6, 2018; admit that ODNI received Plaintiff's FOIA request by December 6, 2018; admit that DOD received Plaintiff's FOIA request by December 6, 2018, however, DOD avers that for reasons unknown, Plaintiff's FOIA request was not routed to the Office of the Secretary of Defense and Joint Staff Freedom of Information Act Request Service, thus DOD only became aware of Plaintiff's request upon being notified of this lawsuit and has since accepted Plaintiff's FOIA request and is processing it.

26. Paragraph 26 of the complaint sets forth a characterization of the FOIA requests and legal conclusions regarding the standard for expedited processing of FOIA requests, to which no response is required. To the extent a response is required, deny the allegations contained in paragraph 26 of the complaint, except admit that Plaintiff requested expedited processing of its FOIA requests by Defendants.

27. Paragraph 27 of the complaint sets forth a characterization of the FOIA requests and legal conclusions regarding the standard for FOIA fee waivers, to which no response is required. To the extent a response is required, deny the allegations contained in paragraph 27 of the complaint, except admit that Plaintiff requested fee waivers from Defendants for its FOIA requests.

28. Defendant CIA admits the allegations contained in paragraph 28 of the complaint, except denies knowledge or information sufficient to form a belief as to whether a December 26, 2018 call was made by Plaintiff to the CIA's FOIA requester service center inquiring about the operational status of CIA's FOIA service center, and respectfully refers the Court to the December 7, 2018 letter for its full contents.

29. Defendant DOD admits the allegations contained in the first and second sentences

5

of paragraph 29 of the complaint, and avers that DOD is processing Plaintiff's request and has assigned it case tracking number 19-L-0862. The third sentence of paragraph 29 consists of a legal conclusion, to which no response is required, except DOD admits that it has not disclosed any records in response to Plaintiff's request.

30. Defendant NSA admits the allegations contained in paragraph 30 of the complaint, avers that NSA was operational during the government shutdown, denies knowledge or information sufficient to form a belief as to whether a December 26, 2018 call was made by Plaintiff to NSA's FOIA requester service center inquiring about the operational status of NSA's FOIA service center, and respectfully refers the Court to the December 11, 2018 letter for its full contents.

31. Defendant ODNI admits the allegations contained in paragraph 31 of the complaint, and respectfully refers the Court to the December 13, 2018 letter for its full contents.

32. This paragraph contains Plaintiff's characterization of emails, and ODNI respectfully refers the Court to the emails, which speak for themselves.

33. Defendant ODNI admits the allegations contained in the first sentence of paragraph 33 of the complaint. The remaining allegations of this paragraph are legal conclusions, to which no response is required.

34. Paragraph 34 of the complaint contains conclusions of law, to which no response is required.

## CAUSES OF ACTION

1. Defendants incorporate by reference their responses to Paragraphs 1-34 of the complaint.[1]

---

[1] A "Causes of Action" section, which contains eight paragraphs, follows paragraph 34 of

2. The allegations in Cause of Action Paragraph 2 are legal conclusions, to which no response is required. To the extent a response is required, deny the allegations contained in Cause of Action Paragraph 2 of the complaint.

3. The allegations in Cause of Action Paragraph 3 are legal conclusions, to which no response is required. To the extent a response is required, deny the allegations contained in Cause of Action Paragraph 3 of the complaint.

4. The allegations in Cause of Action Paragraph 4 are legal conclusions, to which no response is required. To the extent a response is required, deny the allegations contained in Cause of Action Paragraph 4 of the complaint.

5. The allegations in Cause of Action Paragraph 5 are legal conclusions, to which no response is required. To the extent a response is required, deny the allegations contained in Cause of Action Paragraph 5 of the complaint.

6. The allegations in Cause of Action Paragraph 6 are legal conclusions, to which no response is required. To the extent a response is required, DOD denies the allegations contained in Cause of Action Paragraph 6 of the complaint.

7. Cause of Action Paragraph 7 of the complaint contains a conclusion of law, to which no response is required.

8. The allegations in Cause of Action Paragraph 8 are legal conclusions, to which no response is required. To the extent a response is required, deny the allegations contained in Cause of Action Paragraph 8 of the complaint.

9. The allegations in paragraphs (A) – (F) following Cause of Action Paragraph 8 of

---

Plaintiff's complaint, and begins with paragraph 1. Accordingly, Defendants have adopted this formatting in their answer but refer to these paragraphs as "Cause of Action Paragraph __," for clarity.

the complaint and commencing with the word "WHEREFORE," constitute Plaintiff's request for relief to which no response is required. To the extent a response is required, deny that Plaintiff is entitled to the requested relief, or any relief whatsoever.

## **DEFENSES**

Any allegations not specifically admitted or denied are hereby denied. For further and separate answer, Defendants allege as follows:

### FIRST DEFENSE

Plaintiff is not entitled to compel the production of records protected from disclosure by any applicable FOIA exemptions or exclusions. *See* 5 U.S.C. § 552(b).

### SECOND DEFENSE

The Court lacks subject matter jurisdiction over plaintiffs' requests for relief that exceed the relief authorized under FOIA.

### THIRD DEFENSE

At all times alleged in the complaint, Defendants acted in good faith, with justification, and pursuant to authority, and exceptional circumstances that necessitate additional time for Defendants to process Plaintiff's FOIA requests.

### FOURTH DEFENSE

Defendant reserves the right to amend this Answer to assert any other matter that constitutes an avoidance or affirmative defense under Fed. R. Civ. P. 8(c).

WHEREFORE, Defendants respectfully requests that the Court: (1) dismiss the complaint with prejudice; (2) enter judgment in favor of Defendants; and (3) grant such further

relief as the Court deems just and proper.

Dated: New York, New York
March 18, 2019

                                Respectfully submitted,

                                GEOFFREY S. BERMAN
                                United States Attorney
                                Southern District of New York

By:    <u>/s/ Natasha W. Teleanu</u>
        NATASHA W. TELEANU
        PETER ARONOFF
        Assistant United States Attorneys
        86 Chambers Street, Third Floor
        New York, New York 10007
        Tel.: (212) 637-2528/2697
        Fax: (212) 637-2786
        E-mail: natasha.teleanu@usdoj.gov
                  peter.aronoff@usdoj.gov