

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

August 1, 2019

**BY ECF**
Honorable Paul A. Engelmayer
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *Open Society Justice Initiative v. Central Intelligence Agency, et al.*,
              No. 19 Civ. 234 (PAE) (BCM)
              *Open Society Justice Initiative v. Department of Justice, et al.*,
              No. 19 Civ. 1329 (PAE) (BCM)

Dear Judge Engelmayer:

      We write pursuant to the Court's scheduling orders, ECF Nos. 30, 54, and 81, to provide a further status update.

      **State**. State is continuing to process the approximately 319,000 potentially responsive pages for responsiveness and exemptions, pursuant to the Court's processing order. This page count is associated with approximately 23,500 documents. Yesterday, State made its second interim response after processing over 5,000 pages of potentially responsive records. The production consisted of 154 pages of records (40 documents) that were released in part, with redactions applied to both non-responsive information and information exempt from release under FOIA. State also withheld in full as exempt 59 documents.

      As noted in the July 18, 2019 joint update to the Court, Plaintiff had requested that State immediately deploy FOIAXpress and EDR software to reduce the volume of potentially responsive pages. On July 25, 2019, Plaintiff and State held a telephone conference, lasting approximately 90 minutes, that included counsel and technical staff from both sides. During the call, four technical staff from State, as well as an attorney from State, answered numerous questions from Plaintiff regarding State's procedures and capabilities for FOIA processing, and State's specific efforts in this case.

      *State's position.* In State's view, which specific software the agency has deployed to process Plaintiff's request is not relevant to these proceedings. However, State notes that it has provided Plaintiff the following additional information in letters dated July 19, 2019, July 30, 2019, and in the parties' July 25, 2019 technical call. State has committed the funding appropriated by Congress to enhance the agency's FOIA processing information technology and has acquired both FOIA Xpress and Electronic Document Review ("EDR"). To prepare for the launch of these products, the State Department is in the development and testing phase, which will extend well into fiscal year 2020. State is committed to bringing FOIAXpress into

production as soon as possible. Because EDR and FOIAXpress are not yet available, however, the agency is utilizing other tools at its disposal to process Plaintiff's request. In response to another question from Plaintiff, State noted that its FOIA office does not have access to Concordance or Relativity.

As discussed during the July 8 conference, State would like to explore further search terms in an effort to narrow the voluminous search results, and has repeatedly requested that Plaintiff provide search terms (or propose other feasible means) to narrow the results. To date, Plaintiff has not provided further proposed search terms or any other narrowing proposal for State's consideration. State is continuing to process the approximately 319,000 pages of potentially responsive records, but continues to believe that it is in the parties' best interests to narrow the results so that Plaintiff will receive more targeted information, and State will finish processing Plaintiff's request more quickly.

*Plaintiff's position.* On August 1, OSJI sent a letter to the Government raising four issues: (i) a request from OSJI for further clarification regarding certain aspects of and OSJI concerns relating to State's review process and technological capability; (ii) the significance of State's record count, as compared to the page count; (iii) State's position as to whether its FOIA office can access ediscovery software that is presently available to other State offices and components; and (iv) whether State will conduct a search for the terms "die!" and "dead." The parties expect to continue to discuss these matters. Should they not be resolved, OSJI may raise them with the Court.

Plaintiff believes that the quickest and most efficient way to reduce the volume of potentially responsive pages without sacrificing responsive records is for State to deploy appropriate technology (rather than manual review) to automatically de-duplicate records, thread emails, and exclude the 23 categories of records that Plaintiff has previously agreed to exclude outright as non-responsive. It also believes the 23,500 record count indicates that State's task is not as burdensome as the initial page count suggested. Plaintiff would like to prioritize State's review of records by higher priority custodians and sub-search terms.

**DOD.** DOD is continuing to process the approximately 22,000 potentially responsive pages for responsiveness and exemptions, pursuant to the Court's processing order. Yesterday, after fully processing more than 5,000 potentially responsive pages for responsiveness and exemptions, DOD made its second interim response. DOD's production consisted of 209 pages of records that were released in part, with redactions for responsiveness and exemptions.

**DOJ/OIP.** DOJ/OIP previously issued a final response to Plaintiff's FOIA request. DOJ/OIP is prepared to present additional information to Plaintiff regarding its search and withholdings in an effort to avoid litigation, if possible.

**NSA.** NSA previously produced to Plaintiff responsive, non-exempt records, and to the extent Plaintiff's request seeks intelligence records, NSA issued a Glomar response, because the fact of whether NSA does or does not possess responsive intelligence is itself classified and statutorily protected from disclosure, and thus exempt from public disclosure pursuant to FOIA

exemptions 1 and 3. NSA intends to provide Plaintiff additional information regarding its search, withholdings, and Glomar response in an effort to avoid litigation, if possible.

**CIA and ODNI.** As previously noted, CIA and ODNI are conducting responsiveness reviews and anticipate an August 5, 2019 end date for processing and production of any responsive, non-exempt records. CIA and ODNI each made interim productions to Plaintiff of responsive, non-exempt records on June 28 and July 12, and will make final productions of responsive, non-exempt records, if any, on August 5, 2019.

We thank the Court for its attention to this matter.

                                                Respectfully submitted,

| | |
|---|---|
| By: *Catherine Amirfar* | GEOFFREY S. BERMAN |
| Catherine Amirfar | United States Attorney for the |
| (camirfar@debevoise.com) | Southern District of New York |
| Matthew Forbes | |
| (mforbes@debevoise.com) | By: *Natasha W. Teleanu* |
| Ashika Singh | PETER ARONOFF |
| (asingh@debevoise.com) | NATASHA TELEANU |
| DEBEVOISE & PLIMPTON LLP | Assistant United States Attorneys |
| 919 Third Avenue | Telephone: (212) 637-2697/2528 |
| New York, New York 10022 | Facsimile: (212) 637-2717 |
| Tel.: (212) 909-6000 | E-mail: peter.aronoff@usdoj.gov |
| |        natasha.teleanu@usdoj.gov |
| Amrit Singh | |
| James A. Goldston | *Counsel for Defendants* |
| OPEN SOCIETY JUSTICE INITIATIVE | |
| 224 West 57th Street | |
| New York, New York 10019 | |
| Tel.: (212) 548-0600 | |
| *Counsel for Plaintiff* | |