

Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
+1 212 909 6000

February 12, 2020

**BY ECF**

The Honorable Paul A. Engelmayer
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

**Re:** *Open Society Justice Initiative v. Central Intelligence Agency, et al.*, No. 19 Civ. 00234 (PAE) (BCM)

Dear Judge Engelmayer,

    We write respectfully on behalf of Plaintiff Open Society Justice Initiative ("OSJI") in response to Defendants CIA and ODNI's letter motion seeking a four-week extension in the summary judgment briefing schedule in the above-captioned FOIA litigation. (Letter Mot. for Extension of Time, Feb. 11, 2020, ECF No. 131.)

    Subsequent to the filing of the Letter Motion, Defendants provided the following update to OSJI:

> With respect to one office or component the agency originally searched, we now understand that, due to a technical oversight in the search process, any records created during a specific period of several weeks were not gathered. Records originating within said office are being searched again with the error in mind to identify any additional potentially responsive records that may exist.

(Email from Peter Aronoff to Ashika Singh, Feb. 12, 2020 (on file with author).)

    OSJI appreciates this update but remains regretfully unable to consent to Defendants' request at the present time, absent additional information. Defendants' entire posture in this case has been marked by a striking lack of transparency, which has left OSJI completely in the dark as to the parameters of the CIA's initial search. (*See* OSJI Mem. of Law in Opp. to Gov'ts Mem. of Summ. J and in Supp. of Cross Mot. for Summ. J at 22-24, Jan. 21, 2020, ECF No. 124). Instead, OSJI was left only with the representations that "[b]oth agencies conducted adequate searches" (CIA

and ODNI's Mem. in Supp. of Summ. J. at 6, Dec. 9, 2019, ECF No. 116), and that "[s]earches were conducted in all locations in which it is reasonably likely that responsive records would reside, and used search terms and methods reasonably calculated to locate those documents." (Decl. of Antoinette B. Shiner ¶ 9). Now, Defendants admit that is not the case; rather, these additional searches are "necessary to complete CIA's search" before the cross-motions are decided, "given that CIA had moved for summary judgment regarding the adequacy of its search." (Letter Mot. at *1). Nevertheless, CIA has provided very little detail about the inadequate search, why it went undisclosed until now, and what the appropriate remedy is. Its above-quoted statements that "technical oversight" caused records from a "specific period of several weeks" to be "not gathered" is insufficiently detailed. It does not explain the technical problem, why it only came to light now, or how CIA plans to ensure that the additional searches will cure it.

While asymmetry of information is common in FOIA cases, in the present circumstances the Court and OSJI should receive more detail. FOIA requires agencies to "conduct[] a search reasonably calculated to uncover all relevant documents." *Morley v. CIA*, 508 F.3d 1108, 1114 (D.C. Cir. 2007). In other cases, CIA has regularly provided plaintiffs with more information regarding how its search meets that standard than it has here. CIA has, for example, described the search terms it has used, the components and databases it has searched, and even who has done the searching. *See, e.g.*, *ACLU v. NSA*, No. 13-CIV-09198 (KMW) (JCF), 2017 WL 1155910, at *8 (S.D.N.Y. Mar. 27, 2017) (discussing CIA declaration describing search-terms used and relevant components searched in response to FOIA request); *Looks Filmproduktionen GmbH v. CIA*, 199 F. Supp. 3d 153, 168 (D.D.C. 2016) (same); *Hall v. CIA,* 881 F. Supp. 2d 38, 58 (D.D.C. 2012) (same, and also detailing "who conducted the [] search" and "the databases searched," in addition to "search terms used"); *Amnesty Int'l USA v. CIA*, 728 F. Supp. 2d 479, 496 (S.D.N.Y. 2010).

Seeking additional information is especially appropriate prior to the issuance of another extension in this case, particularly the lengthy extension Defendants request, given that the briefing for CIA and ODNI's motions has already been extended and delayed. *See* ECF Nos. 110, 120, 130 (detailing prior extensions). Further delay, absent an articulable justification, would run counter to the public interest. As the Court has repeatedly noted, the killing of Jamal Khashoggi is "a subject of considerable public importance." (Op. and Order Denying Mot. to Reconsider at 1, Aug. 6, 2019, ECF No. 90).

OSJI therefore requests that the Court require CIA to provide additional details regarding the parameters of the initial search, why that search was inadequate, how the additional searches will cure that inadequacy, and why four weeks is a reasonable period of time for a pause to address this matter, so that OSJI and the Court may make an informed decision when considering Defendants' request. At the very least, if Defendants are unwilling to provide any additional information publicly, they should provide it to the Court in camera. If the Court is inclined to

grant Defendants' extension request on the record as it stands, OSJI reserves all rights regarding its objections to the adequacy of Defendants' search, including its right to object to the adequacy of any additional searches CIA may conduct.

    We thank the Court for its consideration of OSJI's views.

                              Respectfully submitted,

                              */s/ Catherine Amirfar*
                              Catherine Amirfar
                              camirfar@debevoise.com
                              DEBEVOISE & PLIMPTON LLP
                              919 Third Avenue
                              New York, New York 10022
Cc: Counsel of record (by ECF)     (212) 909-6000

The Court directs the Government to file a letter by Tuesday, February 18, 2020 at 5 p.m., explaining in more detail why a broader search is necessary. The deadline for the Government's summary judgment opposition and reply is extended until February 21, 2020.

    SO ORDERED.

                *Paul A. Engelmayer*
                _____
                PAUL A. ENGELMAYER
                United States District Judge

February 13, 2020