IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OPEN SOCIETY JUSTICE INITIATIVE,<br><br>Plaintiff,<br><br>v.<br><br>CENTRAL INTELLIGENCE AGENCY, et al.,<br><br>Defendants. | Civil Action No. 19-00234-PAE |

**SUPPLEMENTAL DECLARATION OF VANNA BLAINE,
INFORMATION REVIEW OFFICER,
*CENTRAL INTELLIGENCE AGENCY***

I, VANNA BLAINE, hereby declare and state:

I. **Introduction**

1. I submit this declaration in conjunction with my classified supplemental declaration in support of the Central Intelligence Agency's ("CIA's" or "Agency's") second motion for summary judgment in this case. The purpose of this declaration is to provide the Court with an explanation of the CIA's withholding in full of the CIA assessment relating to the

1

killing of Jamal Khashoggi (the "CIA Report") pursuant to Freedom of Information Act ("FOIA") Exemptions 1 and 3.

2. I am the Information Review Officer ("IRO") for the Litigation Information Review Office ("LIRO") at the CIA and have worked in this capacity since February 2020. Previously, I served as the Deputy IRO for LIRO and as an Associate Information Review Officer for the CIA's Director's Area.

3. In my current capacity, I am the Agency official responsible for classification review of CIA information that is requested under the FOIA, 5 U.S.C. § 552, the Privacy Act, 5 U.S.C. § 552a, and other records access provisions. As the Information Review Officer for the CIA's Litigation Information Review Office, I have original classification authority at the TOP SECRET level pursuant to section 1.3(c) of Executive Order (E.O.) 13526, 75 Fed. Reg. 707 (Dec. 29, 2009), which authorizes me to assess the current, proper classification of CIA information, up to and including TOP SECRET information, based on the classification criteria outlined in Executive Order (E.O.) 13526, 75 Fed. Reg. 707 (Dec. 29, 2009), and applicable regulations. It is my responsibility to ensure that any determination concerning the release or withholding of CIA information is proper and does not jeopardize the national security.

4. I understand that my predecessor has submitted an

unclassified declaration in this case, dated December 9, 2019, and I incorporate by reference the procedural history and facts set forth in that declaration. In particular, I have determined that all of the facts set forth in that declaration and that underlie the CIA's "no number, no list" position remain accurate.

5. I understand the Open Society Justice Initiative has indicated through counsel that it seeks to challenge the Agency's withholding in full of the CIA Report. As I describe below, the Agency is withholding the CIA Report pursuant to FOIA Exemption 1, 5 U.S.C. § 552(b)(1), and FOIA Exemption 3, 5 U.S.C. § 552(b)(3), because it contains classified and statutorily protected information pertaining to intelligence sources and methods. The CIA has coordinated with both the Office of the Director of National Intelligence (ODNI) and the National Security Council on the CIA's assertion of the (b)(1) and (b)(3) exemptions. This declaration explains, to the extent I am able to do so on the public record, the information withheld and the justifications for withholding it. For additional explanation of the CIA's invocation of FOIA Exemptions 1 and 3 with respect to the CIA Report, I refer the Court to my classified supplemental declaration in this case. I make the following statements based on my personal knowledge and

information that has been made available to me in my official capacity.

## II. Exemption 1: Classified National Security Information

6. Exemption 1 protects from public disclosure matters that are:

> (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified pursuant to such Executive order. 5 U.S.C. § 552(b)(1).

7. The CIA has withheld the CIA Report in full pursuant to FOIA Exemption 1. The Report meets all of the current requirements for classification set forth in E.O. 13526, which provides that information may be originally classified only if all of the following conditions are met: (1) an original classification authority is classifying the information; (2) the information is owned by, produced by or for, or is under the control of the U.S. Government; (3) the information falls within one or more of the categories of information listed in section 1.4 of E.O. 13526; and (4) the original classification authority determines that the unauthorized disclosure of the information reasonably could be expected to result in damage to the national security, and the original classification authority is able to identify or describe the damage.

8. At the threshold, the CIA Report is owned by and is under the control of the U.S. Government. Furthermore, the CIA Report was and remains currently and properly classified at the TOP SECRET level, and properly marked in accordance with section 1.6 of the E.O. 13526.[1] The information withheld has not been classified in order to conceal violations of law, inefficiency, or administrative error; prevent embarrassment to a person, organization, or agency; restrain competition; or prevent or delay the release of information that does not require protection in the interests of national security, in accordance with section 1.7 of E.O. 13526.

9. The CIA Report also falls within one or more categories of information listed in section 1.4 of E.O. 13526. Specifically, the CIA Report contains information pertaining to "intelligence activities (including covert action), intelligence sources or methods," which is properly classified pursuant to section 1.4(c) of E.O. 13526. Revelation of the intelligence information in the CIA Report reasonably could be expected to cause exceptionally grave damage to the national security.

---

[1] The CIA Report is also subject to special handling controls that further restrict dissemination and handling of the document. Accordingly, my classified supplemental declaration, which addresses the CIA Report, is being lodged at the CIA, rather than with the Department of Justice Classified Information Security Officer (CISO), in coordination with the Court, CISO, and CIA security personnel. In accordance with the applicable handling controls, the CIA will make arrangements for the Court to review the classified supplemental declaration at a time that is convenient to the Court.

10. Disclosure of the CIA Report would reveal details regarding the nature, volume, and timing of the intelligence information available to the CIA as of November 2018, less than two months after Mr. Khashoggi was killed. Disclosure would also reveal information about the extent of the CIA's clandestine intelligence capabilities, how quickly the Agency was able to mobilize those capabilities to collect or corroborate information, and potential gaps in the CIA's information and collection capabilities. If there is information in the ODNI Assessment that is absent from the CIA Report, for example, it could suggest that the Agency lacked certain collection capabilities in 2018 that it now possesses. If the information in the ODNI Assessment and CIA Report overlaps, it could suggest that the CIA maintained certain collection capabilities as far back as 2018. Disclosure of this information would enable our adversaries to enhance their intelligence activities against the United States and take countermeasures against us, thereby causing exceptionally grave harm to U.S. national security.

11. Release of the CIA Report would not only reveal specific intelligence information available to the CIA as of the time of the Report, but also the intelligence sources and methods used to collect that information and potential gaps in the Intelligence Community's (IC's) collection capacity. I am not able to reveal on the public record the specific types of

intelligence sources and methods described in the CIA Report without revealing information that is itself classified and statutorily protected.

12. In general terms, where a source is an individual, the CIA promises to protect the identities of its sources and their relationship with the CIA because an individual who is revealed to be an Agency source could become the victim of harassment, imprisonment, or death. If an intelligence asset provides valuable information to the CIA, every detail of that information, from the substance to the timing of its collection, is information that, if exposed, could connect the source to that information, thus endangering the source. The loss of such a source and the critical intelligence that the source provides reasonably could be expected to cause exceptionally grave harm to U.S. national security.

13. Where a source is a foreign government or other foreign entity, disclosure that the source provided information about a specific topic, and the specific information provided, without authorization from the foreign government or entity would constitute a serious breach of trust that would almost certainly impair a relationship important to U.S. national security. The attendant reputational harm to the CIA of disclosing classified information from a foreign government or entity without its authorization would also risk the loss of potential assistance

from other foreign governments that require confidentiality to convey sensitive information, which is critical to confronting threats to our national security. Damage to these important relationships reasonably could be expected to cause exceptionally grave harm to U.S. national security.

14. I am aware that the Director of National Intelligence declassified and publicly released an Intelligence Community assessment, dated February 11, 2021, entitled "Assessing the Saudi Government's Role in the Killing of Jamal Khashoggi" (the "ODNI Assessment"). I am also aware that the ODNI has produced to the Plaintiff in this case a redacted version of the National Intelligence Council Memorandum, dated February 7, 2020, entitled "Saudi Arabia: Crown Prince Probably Authorized Khashoggi Operation" (the "Redacted NICM"). I have carefully considered the information released in the ODNI Assessment and the Redacted NICM to determine whether any information in the CIA Report should be released in light of those disclosures.

15. The CIA Report is very different from the ODNI Assessment and the Redacted NICM because the CIA Report discusses specific intelligence information, and the sources and methods from which that information was derived.[2] I understand that the ODNI Assessment was drafted with the intent that it

---

[2] The CIA cannot describe the precise scope of or topics addressed in the CIA Report on the public record without revealing exempt information.

8

would be declassified and released to the public. Although it contains an assessment of the Saudi Government's role in the killing of Mr. Khashoggi, and a general description of information supporting that assessment, it does not identify the specific intelligence sources and methods of that information. Similarly, specific information regarding intelligence sources and methods has been redacted from the Redacted NICM that was produced to the Plaintiff. As explained in detail in my classified supplemental declaration, although it addresses the same subject matter, the CIA Report contains a different level of specificity, including discussion of specific intelligence sources and methods, and other differences from the ODNI Assessment and Redacted NICM. To the extent the CIA Report contains information that overlaps with information in the ODNI Assessment or the 2020 NICM, I have concluded that it cannot be released without revealing information pertaining to intelligence sources and methods that remains properly classified, for reasons explained in my classified supplemental declaration.

16. For these reasons, and the reasons set forth in my classified supplemental declaration, I have determined that disclosure of the CIA Report reasonably could be expected to cause exceptionally grave harm to U.S. national security and that this information is therefore currently and properly

classified information exempt from disclosure pursuant to Exemption 1.

### III. Exemption 3: Sources and Methods Information

17. Exemption 3 protects from public disclosure matters that are:

> specifically exempted from disclosure by statute (other than section 552b of this title), if that statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue; or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld. 5 U.S.C. § 552(b)(3).

Section 102A(i)(1) of the National Security Act of 1947, as amended, states "the Director of National Intelligence shall protect sources and methods from unauthorized disclosure." 50 U.S.C. § 3024(i)(1). This provision of the National Security Act constitutes a withholding statute within the meaning of Exemption 3, 5 U.S.C. § 552(b)(3). The DNI has delegated authority to protect intelligence sources and methods from unauthorized disclosure under this provision to the CIA.

18. I have determined that Exemption 3 in conjunction with the National Security Act applies to the same information withheld by the CIA pursuant to Exemption 1 because its disclosure would identify intelligence sources and methods. Although no showing of harm to national security is required under the National Security Act, the release of the CIA Report would significantly impair the

Agency's ability to carry out its core mission of collecting intelligence.

**IV. Segregability**

19. After conducting a line-by-line review of the CIA Report, including a detailed comparison of the contents of the CIA Report with those of the ODNI Assessment and Redacted NICM, I have determined that no non-exempt portions of the Report can reasonably be segregated or released without jeopardizing information that is classified and statutorily protected. My classified supplemental declaration contains additional information regarding why it is not possible to segregate and release any non-exempt information from the Report.

***

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 10th day of May 2021.

_____
Vanna Blaine
Information Review Officer
Litigation Review Office
Central Intelligence Agency