IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

OPEN SOCIETY JUSTICE INITIATIVE,

      Plaintiff,

    v.

CENTRAL INTELLIGENCE AGENCY, et al.,

      Defendants.

Civil Action No. 19-00234-PAE

**SUPPLEMENTAL DECLARATION OF VANNA BLAINE,
INFORMATION REVIEW OFFICER,
CENTRAL INTELLIGENCE AGENCY**

I, VANNA BLAINE, hereby declare and state:

## I.   INTRODUCTION

1.  I submit this Supplemental Declaration in support of the Central Intelligence Agency's ("CIA's" or "Agency's") Opposition to Plaintiff's Motion for Reconsideration in this case.  The purpose of this declaration is to provide the Court with additional information regarding the CIA's no-number, no-

1

list response pursuant to Freedom of Information Act ("FOIA")
Exemptions 1 and 3 in relation to arguments raised in
Plaintiff's Motion for Reconsideration.  In particular, this
declaration explains that the CIA's bases for asserting its no-
number, no-list response remain justified as originally asserted
under applicable FOIA exemptions, notwithstanding the recent
release of two records by the Office of the Director of National
Intelligence ("ODNI") relating to the death of Jamal Khashoggi.
I understand Plaintiff's Motion for Reconsideration identifies
these two records as the 2021 ODNI Assessment and the Redacted
2020 NICM (the "ODNI Releases").

2.  I previously submitted a classified and an unclassified
declaration in this matter, both dated March 10, 2020, as well
as a second classified and a second unclassified declaration in
this matter, both dated May 10, 2021 (the "Second Classified
Blaine Declaration" and the "Second Unclassified Blaine
Declaration").  In addition, I understand that my predecessor
submitted a classified declaration and an unclassified
declaration in this case, both dated December 9, 2019 (the
"Classified Shiner Declaration" and the "Unclassified Shiner
Declaration"), and I incorporate by reference here the
procedural history and facts set forth in the prior unclassified
declarations.  As set forth in the Second Unclassified Blaine
Declaration, I am the Information Review Officer for the

Litigation Information Review Office at the CIA and have worked in this capacity since February 2020. For additional information regarding my position, responsibilities, and background, I respectfully refer the Court to the Second Unclassified Blaine Declaration.

3. This declaration explains, to the extent I am able to do so on the public record, the continuing bases for the CIA's no-number, no-list response to Plaintiff's request in this case. For additional details regarding the bases for the CIA's invocation of FOIA Exemptions 1 and 3 with respect to its no-number, no-list response, I respectfully refer the Court to the Second Classified Blaine Declaration and the Classified Shiner Declaration. I make the following statements based on my personal knowledge and information that has been made available to me in my official capacity.

II. **THE WITHHELD RECORDS, AND DETAILS ABOUT THEM, REMAIN PROPERLY SUBJECT TO WITHHOLDING UNDER FOIA EXEMPTIONS 1 and 3.**

A. **The Bases Set Forth Justifying the CIA's Original No-Number, No-List Response Continue to Apply**.

4. As articulated in the Shiner Declarations and reaffirmed in the Second Unclassified Blaine Declaration, all of the bases the CIA set forth justifying its original "no number,

no list" position remain applicable today. Despite widespread public attention surrounding the death of Jamal Khashoggi and the U.S. Government's response to it, the protection of the CIA's classified intelligence sources, interests, and capabilities remains as critical as ever. As the CIA has previously asserted, providing Plaintiff with information relating to the nature and volume of CIA's responsive holdings would reveal the metes and bounds of the Agency's intelligence priorities and capabilities, as well as sensitive details about the CIA's intelligence methods and activities (or lack thereof) with respect to the areas of the world and the underlying events at issue.

5. The fact remains that disclosure of the records and information withheld by the CIA pursuant to Exemptions 1 and 3 in this case, including the number or specific nature of responsive records, would necessarily reveal particular intelligence information -- including CIA activities, assessments, capabilities, and interests -- that has never been subject to public release or acknowledgment by the CIA or ODNI. Release of even redacted or partial information regarding these holdings, including their nature and volume, could reasonably be expected to reveal information about the CIA's sources and methods used to acquire this intelligence as well as the apportionment of Agency resources, relationships with foreign

entities, strengths and weaknesses in the CIA's collection capacity, and the resources available to the Agency that allowed it to obtain the intelligence.

6. Information typically included in a Vaughn index, such as the volume of records, dates, authors, titles, and general descriptions, as related to the records responsive to Plaintiff's request, would be particularly revealing of the CIA's intelligence-gathering sources and capabilities in this context. Allies and adversaries alike would take great interest in understanding the extent to which the CIA was or was not able to clandestinely gather accurate information relating to Mr. Khashoggi's death in the immediate aftermath of his killing and thereafter. The disclosure of such information relating to Agency sources and methods could allow foreign intelligence services and other groups to disrupt CIA activities and exploit the Agency's perceived weaknesses, thereby compromising intelligence operations and impairing the national security of the United States.

**B. The ODNI Releases Contain No Information About Underlying Intelligence Sources or Methods, Which Remain Properly Classified and Statutorily Protected.**

7. I understand that Plaintiff's Motion for Reconsideration asserts that the recent ODNI Releases compel

disclosure of information otherwise withheld pursuant to the CIA's no-number, no-list response. I have reviewed the ODNI Releases and have determined that none of the information contained therein reveals anything about the underlying source(s) of intelligence supporting the facts and conclusions presented, including: (a) whether the information derived from human sources, liaison information, signals intelligence, or other sources; (b) which particular Intelligence Community ("IC") agency or agencies collected the underlying intelligence; (c) when and in what manner particular pieces of supporting intelligence were collected; and (d) the volume and nature of the supporting intelligence.

8. More specifically, the ODNI Releases reveal nothing about the nature and volume of the CIA's classified intelligence holdings at or around the time of the incident, or the extent to which the CIA in particular did or did not gather specific intelligence in the aftermath of Mr. Khashoggi's death. Indeed, because the ODNI Releases do not reference any particular IC agency, they do not reveal anything at all about the CIA's role or lack thereof in gathering intelligence on Mr. Khashoggi's death. Disclosing any portion or description of the CIA's classified intelligence holdings relating to the death of Mr. Khashoggi would in fact reveal significant intelligence

information never previously disclosed or acknowledged by the CIA or ODNI.

9.    Although the ODNI Releases are now unclassified, I have determined that the specific underlying intelligence or analyses supporting the facts and conclusions presented therein remain currently and properly classified to the extent such intelligence or analyses exist in CIA holdings.  As set forth above, public disclosure of the extent, timing, and nature of such intelligence or analyses would reveal exempt information, including information regarding the volume of CIA's intelligence reporting, sources and methods, and potential gaps in the CIA's intelligence-collection capabilities.  For example, if the CIA were to possess intelligence collection or analyses specifically supporting (or refuting) the ODNI Releases in the aftermath of Mr. Khashoggi's death, such records would reveal significant, previously unacknowledged information about the CIA's capabilities and intelligence-gathering posture in the region.

**C.  The Withheld Records Contain No Reasonably Segregable, Non-Exempt Information.**

10.   The CIA cannot release any information it may have supporting or reflecting the conclusions in the ODNI Releases for several reasons.  First, as set forth above, nothing in the ODNI Releases identifies which IC agency or agencies gathered

the underlying intelligence supporting the facts and conclusions presented therein. Therefore, as an initial matter, the CIA can neither confirm nor deny whether or to what extent it possesses specific intelligence information underlying the ODNI Releases without harming national security, since doing so would reveal the CIA's particular intelligence interests, capabilities, and potential gaps in collection as related to the events at issue.

11. Second, even if CIA were to confirm or deny the existence of such records, providing even minimal Vaughn index information would reveal classified information regarding the CIA's intelligence-gathering capabilities. As described in Part II.A. above, providing descriptive information about such records including the volume, dates, authors, titles, and general descriptions would reveal exempt information, the release of which could reasonably be expected to harm national security.

## III. <u>CONCLUSION</u>

12. For the reasons set forth above, I have determined that the CIA's bases for its no-number, no-list response pursuant to FOIA Exemptions 1 and 3 in this matter remain fully intact, and nothing in the ODNI Releases compels CIA to alter its no-number, no-list response, other than to provide the details previously released to Plaintiff regarding the CIA Report.

\*\*\*

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 28th day of June 2021.

*Vanna Blaine*

Vanna Blaine
Information Review Officer
Litigation Review Office
Central Intelligence Agency